IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 23-71 |
| | ) |
| CHARLES PERKINS | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

## I. Introduction

Charles Perkins ("defendant" or "Perkins"), who is serving a 60-month term of imprisonment for violating 18 U.S.C. 922(g)(1), filed a motion to obtain his sentencing documents. (ECF No. 47). To obtain sentencings documents at the government's expense, the defendant must meet four requirements: (1) he must have a pending proceeding before the court; (2) he must show that the issue is not frivolous; (3) the requested documents must be necessary to decide the issue; and (4) he must show that he is financially unable to obtain these records on his own. Because Perkins has failed to meet these requirements, the court will deny his motion.

## II. Procedural Background

On April 26, 2023, Perkins was arrested for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Perkins pleaded guilty and was sentenced to 60 months' imprisonment to be followed by 3 years of supervised release. (ECF Nos. 30, 45). In May 2024, Perkins filed a motion to obtain sentencing transcripts, the docket sheet, his judgment of commitment, and plea agreement, with a brief in support of his motion. (ECF No. 47). The court ordered a response, which was filed on June 12, 2024, by the United States. (ECF No. 49). The motion is now ripe for disposition.

1

### III.  Legal Standard

As a threshold matter, in order for a court to grant a pro se defendant's motion requesting transcripts at the government's expense, there must first be a pending proceeding before the court. *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008). Additionally, "an indigent prisoner who is pursuing a § 2255 motion must show that his claims are not frivolous and that the transcript is necessary to decide the issues presented." *United States v. Serrano*, 562 F. App'x 95, 97 (3d Cir. 2014) (citing 28 U.S.C. § 753(f)). Defendant must also prove that he is financially unable to obtain the specified documents on his own. *United States v. Bailey*, No. CR 21-385-3, 2023 WL 8839686, at *1 (W.D. Pa. Dec. 21, 2023) (citing *Raghunathan*, 288 F. App'x at 4).

### IV.  Analysis

Because the legal requirements governing Perkins' motion are well-settled and Perkins failed to meet those requirements, Perkins' motion must be denied. First, there is no pending proceeding before the court. In his motion, Perkins merely asserts that he intends to file a § 2255 motion. (ECF No. 47). But simply "asserti[ng] that he intends to file ineffective-assistance-of-counsel claims is not enough[,]" *United States v. Strausbaugh*, No. 1:CR-11-0096-01, 2015 WL 5089574, at *2 (M.D. Pa. Aug. 27, 2015); there must first be a pending proceeding before the court. *Raghunathan*, 288 F. App'x at 4; s*ee United States v. Jackson*, 302 F. App'x 122, 123 (3d Cir. 2008) (noting that the Court of Appeals is "aware of no authority under which the United States may be required to pay the cost of transcripts when no proceeding is pending"); *Raghunathan*, 288 F. App'x at 4, (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)) ("a federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error").

Second and third, there is no certification from either the trial judge or a circuit judge that Perkins' claim is not frivolous (because there is no claim) or that the documents requested are necessary for the adjudication of his suit or appeal (again, because there is no suit or appeal). *See Raghunathan*, 288 F. App'x at 4. Fourth, Perkins did not show that he is financially unable to obtain the transcripts at his own expense. *See Bailey*, 2023 WL 8839686, at *1.

### V. Conclusion

Because Perkins failed to meet all four requirements for his request, Perkins' motion (ECF No. 47) will be DENIED.

An appropriate order will be entered.

Dated:   August 22, 2024.

BY THE COURT:

s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge